# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**AARON P. FEDORKE,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0154** (BOR Appeal No. 2053340)
                    (Claim No. 2004016444)

**ISLAND MOULD AND MACHINE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron P. Fedorke, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Island Mould and Machine Company, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for an MRI on January 12, 2018. On March 27, 2018, in a corrected decision, the claims administrator again denied a request for an MRI. The Office of Judges affirmed the decision in its August 6, 2018, Order. The Order was affirmed by the Board of Review on January 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fedorke, a teacher, injured his upper back while trying to pry open a vice in the course of his employment on July 30, 2003. In a November 13, 2012, Physician Advisor report, George Bal, M.D., noted that Mr. Fedorke injured his neck and upper back in 2003. An MRI showed herniated cervical discs, and he underwent surgery in 2004. In 2009, Mr. Fedorke's symptoms returned and a repeat MRI showed progression in a herniated C6-7 disc. He received conservative treatment and there were no further medical records until 2012. Dr. Bal was asked to determine if physical therapy was appropriate. He stated that six sessions should be authorized to treat a flair-up of cervical pain. The claims administrator authorized physical therapy from November 1, 2012,

1

through February 1, 2013. A January 30, 2013, Medical Bill Payment indicates a payment was processed for services rendered on January 2, 2013.

Mr. Fedorke sought treatment from William Przybysz, M.D., on January 10, 2018, for left-sided neck, arm, and finger pain. It was noted that he had cervical disc herniations in the past as well as surgery in 2004. The assessment was neck pain and cervical disc disease. An MRI was ordered. Dr. Przybysz requested a repeat cervical MRI the following day due to worsening left-sided cervical pain with radiculopathy. He asserted that Mr. Fedorke's symptoms were consistent with worsening of his previous MRI findings.

The claims administrator denied the request for an MRI as time-barred pursuant to West Virginia Code § 23-4-16(a)(4) on January 12, 2018. It noted that treatment was last requested in the claim on December 2, 2012, more than five years prior. On March 27, 2018, the claims administrator corrected the January 12, 2018, decision and denied the request for an MRI as time-barred pursuant to West Virginia Code § 23-4-16(a)(4). It stated that Mr. Fedorke's last medical treatment in the claim was on January 2, 2013.

Mr. Fedorke testified in a deposition on March 28, 2018, that he was treated by Dr. Ream in 2016, who he asserted requested additional treatment for physical therapy. Mr. Fedorke stated that Dr. Ream died in 2017. Mr. Fedorke could not recall undergoing any treatment since December of 2012.

On August 6, 2018, the Office of Judges affirmed the claims administrator's decisions finding that Mr. Fedorke's request for an MRI was time barred pursuant to West Virginia Code § 23-4-16(a)(4). West Virginia Code § 23-4-16(a)(4) provides that

> in any claim in which medical or any type of rehabilitation service has not been rendered or durable medical goods or other supplies have not been received for a period of five years, no request for additional medical or any type of rehabilitation benefits shall be granted…[.]

Mr. Fedorke cited to *Collins v. Murray American Energy, Inc.,* No. 160185, 2017 WL 1788764, (W. Va. May 5, 2017) (memorandum decision), for the assertion that the five-year period begins to run from the date of the last payment for authorized treatment. However, the Office of Judges found that the decision indicates the claims administrator barred the treatment on the basis that it had been more than five years since payment of medical benefits. This Court affirmed the *Collins* decision with the reasoning that the claimant failed to show that he received medical treatment within the prior five years. Mr. Fedorke also cited to *Saint-Gobain Ceramics & Plastics, Inc. v. Rush,* No. 170983, 2017 WL 1413109, (W. Va. Mar. 21, 2018) (memorandum decision), in which this Court determined that a claim was not time-barred as the claimant's last authorized treatment was only twenty-one months prior. The Office of Judges concluded in the case at bar that this Court has previously stated that "the claim should remain open for authorized medical benefits pursuant to West Virginia Code § 23-4-16(a)(4), which allows claimants to request medical

treatment within five years from the last date a claimant received authorized medical treatment." The Office of Judges determined that based upon the clear language of West Virginia Code § 23-4-16(a)(4), and the holdings in *Collins* and *Saint-Gobain Ceramics & Plastics,* a request for treatment must be made within five years from the date the claimant last received authorized treatment and not within five years of the last date treatment was authorized or payment was rendered.

Mr. Fedorke testified in a deposition that he recalls no treatment after December of 2012. The evidence indicates that he was granted six physical therapy sessions on November 13, 2012. The last session was rendered on January 2, 2013. Therefore, any request for additional treatment had to be made before January 2, 2018. The Office of Judges found that the January 11, 2018, request for an MRI was beyond the five-year timeframe and is therefore time-barred.

Mr. Fedorke argued that because his physician passed away in 2017 at a time when he was expecting additional therapy, he should be entitled to the requested treatment. The Office of Judges determined that there were no medical records introduced into evidence showing any further treatment in 2017. Also, though Dr. Ream initially requested eighteen sessions of physical therapy, which was reduced to six by the claims administrator, no protest was filed. The Office of Judges lastly found that Dr. Ream passed away in June of 2017, thus giving Mr. Fedorke six months to find a new physician before further treatment was time-barred. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The language of West Virginia Code § 23-4-16(a)(4) clearly states that the five-year time period begins from the last date that a claimant received medical treatment, not the last date treatment was authorized or payment was made. This interpretation of the statute is supported by our prior case law. Mr. Fedorke's request therefore falls outside of the five-year time frame and is time-barred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4